JUDGE KOELTL

14 CV



RECEIVED
DEC 23 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MAYER ROSEN EQUITIES LLC AND R. G.
FAMILY SECURITY LLC,

                Plaintiffs,      Case No. _____

-against-

                                        **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY,                                **Plaintiffs Demand a Jury Trial**

                Defendant.
----------------------------------------------------------X

       Plaintiffs Mayer Rosen Equities LLC ("Rosen Equities") and R. G. Family Security LLC ("Family Security") (collectively "Plaintiffs"), by their undersigned attorneys, as and for their Complaint against defendant The Lincoln National Life Insurance Company ("Lincoln"), allege as follows:

### THE PARTIES

       1.     Plaintiff Rosen Equities is a limited liability company formed under the laws of the State of New York, with its principal place of business in New York State. Each member of Rosen Equities is a domiciliary of New York State.

       2.     Plaintiff Family Security is a limited liability company formed under the laws of the State of New York, with its principal place of business in New York State. Each member of Family Security is a domiciliary of New York State.

       3.     On information and belief, defendant Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) based upon the complete diversity of citizenship among the parties. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

### A. The Reisl Goldberger Insurance Trust

6. On information and belief, the Reisl Goldberger Insurance Trust (the "Trust") was created on or about May 29, 2007. The Trust owned a $13 million policy on the life of Reisl Goldberger issued by Lincoln on or about August 28, 2007, and bearing certificate number ML5583743 (the "Policy").

### B. Transfer of Ownership Of The Policy And Change In Beneficiaries

7. In or about December 2012, the Trust transferred ownership of the Policy to LXNBRG GN Fund II, LLC ("LXNBRG"). On or about December 7, 2012, a Life Ownership Change Form was filed with Lincoln, informing Lincoln that ownership of the Policy had been transferred to LXNBRG.

8. In or about December 2013, pursuant to a transfer negotiated in Manhattan, LXNBRG transferred ownership of the Policy to Rosen Equities. On or about December 5, 2013, a Life Ownership Change form was filed with Lincoln, informing Lincoln that ownership of the Policy had been transferred to Rosen Equities. A Beneficiary Change form was also filed with Lincoln designating Rosen Equities as the Policy's sole beneficiary.

9. In April 2014, Rosen Equities filed another Beneficiary Change form with Lincoln designating Rosen Equities as the beneficiary of 84.616% of the Policy proceeds and Family Security as the beneficiary of 15.384% of the Policy proceeds.

### C. Lincoln's Refusal To Disburse The Policy Proceeds To The Beneficiaries

10. Reisl Goldberger passed away on October 14, 2014. Rosen Equities and Family Security promptly notified Lincoln of Ms. Goldberger's passing and submitted due proof of death. By letter dated October 23, 2014, Lincoln acknowledged "that we have received all documentation necessary to settle this claim."

11. By letter dated October 31, 2014, Lincoln further "advis[ed] that the policy proceeds are due and payable" and confirmed that "[a]ccording to our records, the named beneficiary of the policy is 84.616% to Mayer Rosen Equities LLC and 15.384% to R.G. Family Security LLC. The designation was made on April 24, 2014."

12. Notwithstanding the foregoing, Lincoln has, to date, refused to pay the Policy proceeds to the beneficiaries because it argues that a "disputing party" is also claiming the proceeds. On information and belief, the so-called "disputing party" is someone who claims to be a "successor to Herman Goldberger as Trustee of the" Trust.

13. The documents in Lincoln's own possession, however, unequivocally demonstrate that the Trust is neither the owner of, nor a beneficiary under the Policy.

### AS AND FOR A CAUSE OF ACTION
(Breach of Contract)

14. Plaintiffs hereby repeat and reallege the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

15. Rosen Equities owns the Policy and is the beneficiary of 84.616% of the Policy proceeds. Family Security is the beneficiary of the remaining 15.384% of the Policy proceeds.

16. Plaintiffs have performed all of their obligations under the Policy, including making all premium payments.

17. Under the Policy, Lincoln is obligated to distribute the Policy proceeds to Plaintiffs.

18. In breach of the Policy, Lincoln has failed and refused to distribute the Policy proceeds to Rosen Equities and Family Security.

19. As a result of Lincoln's breach, Rosen Equities has been damaged in the amount of at least $11,000,080.00.

20. As a result of Lincoln's breach, Family Security has been damaged in the amount of at least $1,999,920.00.

**WHEREFORE**, Plaintiffs demand judgment against Lincoln as follows: (a) in the amount of $11,000,080.00 payable to Rosen Equities; (b) in the amount of $1,999,920.00 payable to Family Security; (c) plus interest, costs, disbursements and reasonable attorneys' fees, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 22, 2014

*(signature)*
J. Michael Gottesman (JG4550)
80-02 Kew Gardens Road
Suite 1030
Kew Gardens, New York 11415
(212) 308-2320

*Attorneys for Plaintiffs Mayer Rosen Equities LLC and R. G. Family Security LLC*

Plaintiffs Demand a Jury Trial

*(signature)*
J. Michael Gottesman, attorney for Plaintiffs

#5482869 v1 \024470 \0001