**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MAYER ROSEN EQUITIES LLC AND R.G. FAMILY SECURITY LLC,

Plaintiffs,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Defendant/Third Party Plaintiff.

v.

ALEXANDER ASHKENAZI, As Trustee of the Reisl Goldberger Insurance Trust, CONGREGATION MESAMCHE LEV, JOEL WERTZBERGER and LXNBRG GN FUND II, LLC,

Third-Party Defendants.

Case No.: 14-cv-10087 (JGK) (KNF)

**MEMORANDUM OF LAW OF THIRD-PARTY DEFENDANT CONGREGATION MESAMCHE LEV IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

Third-Party Defendant Congregation Mesamche Lev ("Mesamche Lev") respectfully submits this memorandum of law, together with the Declaration of Bradley J. Nash ("Nash Decl.") in support of its motion to compel compliance with subpoenas for documents and testimony served on non-party witnesses Eli Alan Rubenstein ("Rubenstein") and Aron Wolcowitz ("Wolcowitz").

**INTRODUCTION**

Messrs. Rubenstein and Wolcowitz are witnesses with knowledge and documents concerning issues at the heart of this case:

- Rubenstein drafted agreements in connection with Wertzberger's alleged purchase of the Reisl Goldberger insurance policy from the insurance trust that owned the policy; notarized a signature one of those documents; received the alleged consideration for the purchase in his attorney trust account – which funds were later inexplicably returned to Wertzberger; and appears to have prepared a document to substitute himself as trustee of the insurance trust in place of the original trustee (Herman Goldberger), on a date *after* Wertzberger claims the trust documents were already amended to name another trustee, who authorized the sale to Wertzberger.
- Wolcowitz worked closely with Wertzberger; was involved, among other things, in efforts to locate a third-party to purchase the policy; and sent or received scores of emails that have already been produced by the parties and other witnesses.

Rubenstein and Wolcowitz were duly served with subpoenas to appear for depositions and to produce documents (by delivery to a person of suitable age and discretion at their residence, and a follow-up mailing). Yet neither has produced documents or appeared for a deposition. Wolcowitz has completely ignored the subpoena. Despite Wertzberger's close connection to Wolcowitz, his counsel has declined to do anything to facilitate his cooperation, even though they asked for and received the same courtesy from Mesamche Lev's attorneys with respect to other witnesses. For his part, Rubenstein acknowledged service of the subpoena. In a telephone call with Mesamche Lev's counsel, he confirmed that he was not contesting service. He asked that his deposition be scheduled for a date after January 1, and said that he was

retaining counsel to represent him at the deposition, who would be in touch to schedule the deposition. After repeated follow-up communications form Mesamche Lev's counsel, Rubenstein's counsel finally responded in the afternoon on Friday, January 6. But rather than offering a date for Rubenstein to appear, he sent a letter incorrectly challenging the sufficiency of service – precisely what Rubenstein, himself a lawyer, had promised he would not do – and offering other meritless excuses for refusing to produce responsive documents or appear for a deposition.

Having learned that the witnesses will not comply with the subpoenas, Mesamche Lev now moves to compel.

**ARGUMENT**

Under Fed. R. Civ. P. 26(b), litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." For purposes of this rule, "relevance" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The witnesses at issue on this motion possess information and documents that are highly material to the parties' claims in this action, and they should be compelled to comply with the subpoenas.

**I. Rubenstein Should Be Ordered to Comply with the Subpoena**

Rubenstein was served with a document and deposition subpoena on November 30, 2016 by delivery to a person of suitable age and discretion (his son)[1] at his residence, followed by

[1] The fact that the son is apparently 17 years old does not mean that he is not a personal of "suitable age and discretion" for purposes of accepting service, as Rubenstein incorrectly suggests (Nash Decl., Ex. C at 1).

mailing a second copy of the subpoena to him at the same address. (Copies of the subpoena and the affidavit of service are attached as Exhibits A and B to the Nash Decl.) Rubenstein, who is a lawyer, told Mesamche Lev's counsel that he would not contest service, and would appear for a deposition. However, in the afternoon on Friday January 6, an attorney representing Rubenstein sent a letter stating that he would not comply with the subpoena, and arguing that service was improper because the process server did not personally hand the subpoena to Rubenstein. Nash Decl., Ex. C. Courts in this Circuit have held that Fed. R. Civ. P. 45 does not requires such personal delivery, but rather, "only delivery which reasonably ensures actual receipt by a witness." *Beare v. Millington*, 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010). The type of service that occurred here – hand delivery to the witness' residence, followed by mailing – has been held to satisfy this standard. *See, e.g.*, *Catskill Dev., LLC v. Park Place Ent'mt Corp.*, 206 F.R.D. 78, 84 n.5 (S.D.N.Y. 2002) (substitute service of subpoena followed by mailing sufficient under Rule 45); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 355-56 (E.D.N.Y. 1997) (same). Importantly, Rubenstein concedes his "actual receipt" of the subpoena, which, as noted above, is all that is required.

More to the point, Rubenstein expressly represented to Mesamche Lev's counsel that he would comply with the subpoena, and asked only that his deposition be rescheduled for a date after January 1 (to accommodate end-of-year transactions he was handling). Nash Decl. ¶ 5. His last minute reversal, after stalling in responding to Mesamche Lev's counsel, is not in good faith, and he should not be permitted to dodge the subpoena in this fashion.

---

*See Durham Productions, Inc. v. Sterling Film Portfolio Ltd.*, 537 F. Supp. 1241, 1244 (S.D.N.Y. 1982) (Pollack, J.) (holding that "12 year old boy" was of suitable age and discretion where there was no evidence that "he did not possess the intelligence to deliver the papers to his father"); *Wells Fargo Bank, N.A. v. Riley*, 2009 WL 9621452, at *1 (Sup. Ct. Westchester Co. Mar. 5, 2009) (15 year old "was a person of suitable age and discretion to accept process").

Nor is there any doubt that Rubenstein has information material to the claims in this case. *First*, Wertzberger has testified that Rubenstein was responsible for drafting the sale documents, pursuant to which Wertzberger's entity, LXNBRG, allegedly purchased the policy from the trust. Nash Decl., Ex. D at 58-60. According to a January 2012 email, he was also retained to set up an LLC to hold the Goldberger policy instead of the insurance trust. *See* Nash Decl., Ex. E. *Second*, Rubenstein has information regarding the consideration (or lack therefore) for the supposed sale transaction, having received the alleged $640,000 purchase price in his escrow account, which funds were subsequently returned to Mr. Wertzberger. *Id.* at 59. Mesamche Lev is entitled to examine Rubenstein regarding the circumstances surrounding those transfers, which call into question the validity of the transaction. *Third*, Rubenstein appears to have prepared a document in August 2011 to substitute himself as trustee of the Reisl Goldberger insurance trust in place of the original trustee, Herman Goldberger. *Id.*, Ex. F. This document is significant because, according to Wertzberger, the trust had already been amended in July of that year to name Yehudis Minster as trustee. In that capacity, Ms. Minster (who is also married to Wolcowitz) purportedly authorized the sale of the policy to LXNBRG.

Thus, there are ample reasons for Mesamche Lev to seek documents and testimony from Rubenstein.

## II. Wolcowitz Should Be Ordered to Comply with the Subpoena

Wolcowitz was served with a document and deposition subpoena on December 13, 2016 by delivery to a person of suitable age and discretion at his residence, and by mailing a copy of the subpoena to him at the same address. Copies of the subpoena and the affidavit of service are attached to the Nash Decl. at Exhibits G and H. For the reasons stated above, this constitutes valid service under Rule 45.

Indeed, it is hard to imagine that Wolcowitz did not have actual notice of the subpoena, not only because it was delivered to his residence twice – by hand delivery and mail – but also given his close association with Wertzberger, whose counsel was, of course, put on notice of the issuance of the subpoena. Wertzberger's lawyers rebuffed requests to assist with facilitating the deposition of this witness affiliated with their client – even as they asked for (and received) cooperation from Mesamche Lev's counsel in arranging the deposition of other witnesses they wanted to depose, including Moshe Wertheimer, who has agreed to appear. Nash Decl. ¶ 14.

In addition, there is no question that Wolcowitz has relevant information and documents. He worked for Wertzberger, was extensively involved, among other things, in efforts to sell the policy, and he sent or received numerous emails already produced in this case. Nash Decl. ¶ 13. He also supposedly negotiated the sale of policy to Wertzberger's entity, LXNBRG, on behalf of his wife, the alleged trustee. Nash Decl., Ex. I at 48-50.

## CONCLUSION

For the reasons stated above, Mesamche Lev's motion to compel compliance with the subpoenas issued to Rubenstein and Wolcowitz should be granted.

Respectively submitted,

**SCHLAM STONE & DOLAN LLP**

By:________/s/________

Richard H. Dolan
Bradley J. Nash
26 Broadway
New York, NY 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
rdolan@schlamstone.com
bnash@schlamstone.com

*Attorneys for Third-Party Defendant*
*Congregation Mesamche Lev*